UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LORRAINE LANGE, ET AL                               CIVIL ACTION

VERSUS                                              NO. 06-3266

TALIAFARO, INC., ET AL                              SECTION "C"

ORDER

This matter comes before the Court on plaintiffs' motion to remand, previously noticed for hearing on September 13, 2006, and taken under advisement without oral argument. Having considered the record, the memoranda of counsel and the law, the Court finds that remand is appropriate under 28 U.S.C. § 1447(c) for the following reasons.

This matter was removed by the defendants Taliafaro, Inc. and Deborah Barton on the basis of diversity alone. (Rec. Doc. 1). Assuming that the jurisdictional minimum existed, the defendants bear the burden of showing that diversity of citizenship existed at the time of removal. The parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow

1

Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994); St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

The defendants removal petition alleged that certain non-diverse defendants were nominal defendants and improperly joinder to defeat removal.  "The burden of persuasion placed upon those who cry `fraudulent (improper) joinder' is indeed a heavy one." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981).  The removing party must demonstrate that there is no possibility that the plaintiffs would be able to establish a cause of action against the non-diverse defendants in state court. Ford v. Elsbury, 32 F.3d 931, 935 (5th Cir. 1994).  This, "stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.." Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 572 (5th Cir. 2004)(en banc).  See also Melder v. Allstate Corp, 404 F.3d 328,330 (5th Cir. 2005)(""[A]t issue is whether Defendants have established there is no reasonable basis Plaintiffs might be able to recover under Louisiana state law against the non-diverse defendant ..."   A "mere theoretical possibility of recovery" does not preclude a finding of improper joinder. Smallwood, 385 F.3d at 572.

The Court's "prediction" can be resolved in two ways: (1) by undertaking a Rule

2

12(b)(6)-type analysis to determine whether the complaint states a claim against the in-state defendant or (2) where a claim has been stated but mistated or omitted discrete facts determinative of the propriety of joinder, minimal piercing of the pleadings may be undertaken; "we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."  Id.  "[T]he inability of the to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." Id.

The defendant fails to address critical issues involving certain non-diverse defendant, dismissing the claims against the NO Police Department, Omni Home Healthcare and the Louisiana National Guard only as "unfounded" or "had nothing to do with the incident."  The allegation against the New Orleans Police Department concerns their alleged failure to rescue Snowden "when an opportunity to do so arose." (Rec. Doc. 1, ¶ XII).  Clearly, that states a claim.  Omni Home Care, LLC is a named defendant and a Louisiana citizen with whom the plaintiff is alleged to have contracted for the provision of health care; that hardly seems fraudulent.  To the extent that it is relevant to the citizenship of the parties intended to be named defendants at the time of removal, the plaintiff has amended to name the Louisiana National Guard in place of the National Guard Association of Louisiana.  The amendment also included adding the name of the

3

Louisiana owner of the Raphael Manor, which was named in the original petition, and whose joinder does not seem to be fraudulent at all.

Removal jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.   Under these circumstances, the defendants have failed to establish the requisite diversity existed at the time of removal.

Accordingly,

IT IS ORDERED that the plaintiffs' motion to remand is GRANTED.   (Rec. Doc. 6). This matter is hereby TRANSFERRED to the Civil District Court for the Parish of Orleans, State of Louisiana,.

New Orleans, Louisiana, this 18th  day of September, 2006.

                                                HELEN G. BERRIGAN
                                                UNITED STATES DISTRICT JUDGE